**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 15-cv-01538-MSK-KLM**

**BRAHMA GROUP, INC., a Nevada corporation;**

    **Plaintiff,**

**v.**

**AMES CONSTRUCTION, INC., a Minnesota corporation; and**
**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,**

    **Defendant.**

## ORDER DENYING MOTION TO STAY

**THIS MATTER** comes before the Court on the Defendants Ames Construction, Inc. and Travelers Casualty and Surety Company of America's Motion to Stay Litigation Pending Related Arbitration **(#17)**, the Plaintiff Brahma Group, Inc.'s Response **(#26)**, and the Defendants' Reply **(#28)**.

The following facts are derived from the allegations set forth in the Amended Complaint **(#9)**. In 2013, Cripple Creek & Victor Gold Mining Co. (CC&V) contracted with Defendant, Ames Construction, Inc. (Ames) to construct a gold mill at CC&V facilities in Teller County, Colorado. The mill was to be completed according to design and engineering plans provided by a third-party. Ames, in turn, subcontracted with the Plaintiff, Brahma Group, Inc. (Brahma), to install mechanical equipment and piping, and to perform other miscellaneous mechanical work on the mill project. According to the terms of the subcontract, Ames is obligated to pay Brahma $21,389,574.10 for its work. The Defendant, Travelers Casualty and Surety Company of

America (Travelers), issued a performance and payment bond in connection with the work to be performed under the contracts.

Brahma alleges that during the course of its work on the mill project, it experienced significant delays outside of its responsibility or control, which caused it to incur significant costs. Brahma issued Ames an invoice in the amount of $1,577,659.70, for which it has received no payment, and it claims that it is owed least $17,655,626.52 for costs and fees attributable to delay. In this action, Brahma brings a claim for breach of contract against Ames for the nonpayment of work performed under the subcontract and seeks to recover against the payment bond. Ames asserts counterclaims against Brahma for breach of contract and declaratory relief regarding indemnification.

Shortly after Brahma filed its complaint in this case, CC&V (the mill owner) initiated arbitration proceedings against Ames under the general contract. Travelers and Ames seek to stay this action pending resolution in the Ames-CC&V arbitration. They argue that a stay is appropriate because (1) there are overlapping issues with the arbitration, such as whether the inadequate design plans caused the delays, whether Ames and its subcontractors should be compensated on the basis of quantum meruit, and the extent to which Brahma is bound by certain terms of the general contract via a "flow-down" provision in the subcontract; (2) there is risk of inconsistent outcomes; (3) it will conserve judicial resources and is consistent with public policy favoring arbitration, and (4) there will be no prejudice to Brahma.

Brahma objects to imposition of a stay. It is not a party to the arbitration, and it argues that the issues to be resolved in the arbitration are not the same as the issues in this lawsuit and that any award made in the arbitration will have no preclusive effect on it or its claims.

Although generally disfavored, whether to stay this litigation is a matter left to the Court's discretion. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 20 n.23 (1983). Generally, the following factors guide the Court's determination: (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 200 WL 89495, at *2 (D.Colo. Mar. 30, 2006). Further, stay of a proceeding is appropriate when resolution of an arbitrable claim will have a preclusive effect on a nonarbitrable claim in the litigation. *See, e.g., Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009). However, the mere fact that "piecemeal litigation" results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay the case. *Id.* (citing *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998)).

Having reviewed the submissions of the parties and considered the relevant factors, the Court declines to impose a stay pending arbitration between CC&V and Ames. The claims asserted in this action all pertain to the duties and obligations owed under the subcontract between Ames and Brahma and the terms of the payment bond, which are wholly separate from terms and provisions of the general contract between Ames and CC&V. Was Brahma a party to the arbitration there might be justification for a stay of this matter, but it is not clear that any issue determined through arbitration will be determinative in this case or have any preclusive effect on Brahma's claims. Instead, imposition of a stay would merely delay Brahma in asserting its right to pursue its claims. Based on the record thus far, a stay would not serve

judicial economy or impose undue burden on the Defendants, and would prejudice Brahma's ability to efficiently and promptly seek resolution of its dispute.

For the forgoing reasons, the Defendants' Motion to Stay Litigation Pending Related Arbitration **(#17)** is **DENIED.**

Dated this 8th day of December, 2015.

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        Chief United States District Judge