IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01538-WJM-KLM

BRAHMA GROUP, INC., a Nevada corporation,

    Plaintiff,

v.

AMES CONSTRUCTION, INC., a Minnesota corporation, and
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Ames Construction, Inc.'s ("Ames") **Motion for Leave to File Third-Party Complaint Against Newmont CC&V Mining Corporation, d/b/a Cripple Creek & Victor Gold Mining Company** [#40][1] (the "Motion"). Plaintiff filed a Response [#43] in opposition to the Motion, and Defendant Ames filed a Reply [#44]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#40] is **GRANTED**.

**I. Background**

As summarized by Defendant Ames, "[t]his litigation currently involves claims and counterclaims between a general contractor, Ames, . . . and Ames' surety, Travelers . . .

---

[1] "[#40]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

related to the construction of a gold mill owned by CC&V," i.e., the "Project." *Motion* [#40] at 2. This lawsuit was initiated by Plaintiff on July 20, 2015. *See generally Compl.* [#1]. On August 7, 2015, Plaintiff filed its Amended Complaint [#9], in which it asserts a claim for foreclosure of payment bond and a claim for breach of contract. On October 14, 2015, Defendant Ames asserted two counterclaims against Plaintiff. *See Answer & Counterclaim* [#13]. A Scheduling Order [#30] was entered on November 30, 2015. The present Motion [#40] was timely filed on January 11, 2016, prior to the January 21, 2016 deadline for joinder of parties and amendment of pleadings. Defendant Travelers Casualty and Surety Company of America ("Travelers"), the only other remaining defendant in his action, does not oppose the Motion. [#40] at 1. The proposed Third-Party Defendant Newmont CC&V Mining Corporation, d/b/a Cripple Creek & Victor Gold Mining Company ("CC&V") also does not object to the Motion. *Id.* Plaintiff is the only party that responded to the Motion and that objects to the requested relief. *Response* [#43].

In the Motion, Defendant Ames seeks leave to file a Third-Party Complaint against CC&V, which as owner of the Project, allegedly "caused some or all of the problems giving rise to this litigation and is liable to Ames for some or all of the amounts, if any, that [Plaintiff] seeks in this lawsuit." *Motion* [#40] at 2. Defendant Ames asserts that "[b]ecause [Plaintiff's] contract is with Ames, [Plaintiff] asserted its claims, including damages caused by CC&V, against Ames in this action." *Id.* Defendant Ames "in turn asserted its claims, including [Plaintiff's] damages as a 'pass-through' claim, against CC&V." *Id.* CC&V "initially exercised its right to arbitrate the dispute between CC&V and Ames," and so Defendant Ames' claims "could not be initially joined in this action." *Id.* at 2-3. "However, CC&V has recently informed Ames that CC&V is willing to join this action, consent to the

joinder of all claims against CC&V in one lawsuit before this Court and, upon such joinder, dismiss the pending arbitration between Ames and CC&V." *Id.* at 3. Thus, Defendant Ames seeks to file the Third-Party Complaint. *Id.*

## II. Analysis

If the defendant does not serve a third-party complaint without fourteen days of serving its original answer, it must obtain the Court's leave in order to do so. Fed. R. Civ. P. 14(a)(1). The determination of whether to allow the filing of a third-party complaint lies within the sound discretion of the Court. *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

A defendant may file a third-party complaint where a third-party defendant "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A claim under Fed. R. Civ. P. 14(a) must depend, at least in part, on the resolution of the primary lawsuit. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). However, Rule 14(a) "does not require identity between the primary and third-party claims." *Maxfour Eng'rs & Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006). Further, "[t]he fact that the third-party defendant is not subject to the primary claims asserted by the plaintiff is no obstacle to third-party practice." *Id.* (citations omitted).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986). Federal Rule of Civil Procedure 14(a) "should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation." *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir.

1968). "Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed." *U.S. Fidelity & Guar. Co.*, 388 F.2d at 773 (internal quotation and citation omitted); *see also Farmers & Merchs. Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973). However, "[a] timely motion for leave to implead a third party should be freely granted unless doing so 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Am. Int'l Ins. Co. v. Cent. Sprinkler Co.*, No. 09-cv-02098-PAB-KMT, 2012 WL 1413106, at *1 (D. Colo. Mar. 31, 2010). (quoting *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984)).

As already noted, the Motion is timely because it was filed prior to the deadline for joinder of parties and amendment of pleadings. The Court finds that the filing of Defendant Ames's Third-Party Complaint against CC&V will not "prejudice the plaintiff, unduly complicate the trial, or . . . foster an obviously unmeritorious claim."[2] *Am. Intern. Ins. Co.*, 2012 WL 1413106, at *1 (quoting *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d, 401 (E.D.N.Y. 2009)).

As part of her ruling in connection with Defendants' joint Motion to Stay Litigation Pending Related Arbitration [#17], the Chief Judge stated that "[t]he claims asserted in this action all pertain to the duties and obligations owed under the subcontract between Ames

---

[2] The Court will not address the merits of Defendant Ames's claims against CC&V at this stage of the litigation. Plaintiff does not do so and the Court is not required to engage in a detailed analysis of the proposed Third-Party Complaint at this early stage of the litigation. A simple review of the proposed Third-Party Complaint reveals a document that includes the basic elements of a complaint and attaches documentary support relating to its breach of contract claim.

and Brahma and the terms of the payment bond, which are wholly separate from terms and provisions of the general contract between Ames and CC&V." *Order* [#36] at 3. Plaintiff argues that this holding precludes the filing of the Third-Party Complaint between Defendant Ames and CC&V because allowing the filing would impermissably act as a reconsideration of the Chief Judge's ruling. *Response* [#43] at 7-9. The Court disagrees. The question (in part) before the Chief Judge was whether the issues between Plaintiff and Defendant Ames and the issues between Defendant Ames and CC&V were so overlapping that the litigation between Plaintiff and Defendant Ames should be stayed pending the arbitration between Defendant Ames and CC&V. *Order* [#36] at 2-3. She found they were not. *Id.* at 3. However, Rule 14(a) "does not require identity between the primary and third-party claims." *Maxfour Eng'rs & Architects, LLC*, 233 F.R.D. at 605. Thus, under Rule 14, it is no obstacle to bringing third-party claims that the claims between the various parties are premised on separate contracts, and permitting the filing of the Third-Party Complaint will not act as a reconsideration of the Chief Judge's Order [#46] regarding the appropriateness of a stay while Defendants Ames and CC&V were engaged in arbitration.

Plaintiff next argues that permitting the filing of the Third-Party Complaint would unnecessarily expand the scope of the claims and issues in this litigation and would result in prejudice to Plaintiff. *Response* [#43] at 9-13. However, Plaintiff has already served CC&V with a subpoena duces tecum as part of the litigation of its claims against Defendants. *See generally CC&V's Motion to Quash or Modify Plaintiff's Subpoena Duces Tecum to CC&V* [#49]. While some additional discovery may be needed as a result of Defendant Ames's complaint against CC&V, it will not be so unduly burdensome as to prejudice Plaintiff, particularly when Plaintiff already seeks discovery from CC&V. Further,

as Defendant Ames argues, issues regarding CC&V's alleged breach of contract which will likely be raised in the present litigation, regardless of whether CC&V is added, include whether Plaintiff owes liquidated damages to Defendant Ames which are in turn owed to CC&V, and whether and to what extent Plaintiff and/or Defendant Ames are responsible for damages and delays to CC&V. *Reply* [#44] at 16. To the extent CC&V's alleged breach of its contract with Defendant Ames exposed Defendant Ames to the claims asserted by Plaintiff, Defendant Ames's claims against CC&V "fit nicely within Rule 14(a)." *Maxfour*, 233 F.R.D. at 605.

Further, the Court has jurisdiction over the proposed third-party claims pursuant to 28 U.S.C. § 1332. The amount sought exceeds $75,000. *Third-Party Complaint* [#40-1] ¶¶ 4, 36, 38. As alleged, Plaintiff is a Nevada corporation, Defendant Ames is a Minnesota corporation, Defendant Travelers is a Connecticut corporation, and CC&V is a Delaware corporation with its principal place of business in Greenwood Village, Colorado. *Id.* ¶¶ 1-3.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#40] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Defendant Ames's Third-Party Complaint [#40-1] for filing as of the date of this Order.

Dated: April 1, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge